**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.   04-cv-02466-REB-MJW

BJORN OSMUNDSEN, individually, and
BJORN OSMUNDSEN, as surviving spouse of Decedent Jennifer Brooke,

    Plaintiffs,

v.

ELBERT COUNTY SHERIFF'S OFFICE,
ELBERT COUNTY,
ELBERT COUNTY SHERIFF WILLIAM FRANGIS, individually and in his official capacity,
THE BOARD OF COUNTY COMMISSIONERS OF ELBERT COUNTY,
JESS B. JENSEN, in his individual capacity,
ELIZABETH WOOD, in her individual capacity, and
JACQUELINE LOU McCUEN,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS IN PART

**Blackburn, J.**

    The matter before me is the **Elbert County Defendants' Motion to Dismiss and to Stay Discovery** [#27], filed June 13, 2005, filed by defendants the Elbert County Sheriff's Office, Elbert County Sheriff William Frangis, the Board of County Commissioners of Elbert County, Jess B. Jensen, and Elizabeth Wood (collectively "the Elbert County defendants").  I grant the motion with respect to plaintiff's federal claim under Fed.R.Civ.P. 12(b)(6), but decline to exercise supplemental jurisdiction over plaintiff's remaining state law negligence claims and thus do not reach the merits of the

motion with respect to those claims, which I will dismiss without prejudice.[1]  I deny the motion to stay discovery as moot.

## I.  JURISDICTION

I have subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

## II.  STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations set forth in the counterclaim, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded allegations of the complaint as true.  **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003).  Thus, Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiff, it is clear that he can prove no set of facts entitling him to relief.  **See Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); **Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.**, 24 F.3d 125, 128 (10th Cir. 1994).

---

[1]  The issues raised by and inherent to the motion to dismiss are fully briefed, obviating the necessity of jurisdictional discovery, evidentiary hearing, or oral argument.

### III. ANALYSIS

On the morning of November 30, 2003, plaintiff was attacked by three pit bulls that had come onto his ranch property in Elbert County, Colorado. Plaintiff called 911 to report the attack and further to notify authorities that his wife was missing. The dispatcher who took the call told plaintiff that "[w]e're a little short-handed here" and that "[w]e have only one deputy out today and he's out on a domestic violence thing." (Complaint at 7, ¶¶ 41 & 45.) After much delay, the dispatcher advised plaintiff to go search for his wife in his truck and "give us a call back if there's any more trouble." (*Id.* at 8, ¶ 47.) Emergency personnel did not arrive on the scene until more than an hour later, where they found plaintiff's wife, Jennifer Brooke, bleeding from multiple dog bites. Brooke was transported to a nearby hospital, but died soon thereafter of her wounds.

By his First Claim for Relief, plaintiff alleges that the Elbert County defendants deprived him and Brooke of their rights to substantive due process in violation of the Fourteenth Amendment. Specifically, plaintiff alleges that the Elbert County defendants are liable for "creating, enhancing a dangerous situation, or by rendering Plaintiff and [Brooke] more vulnerable to a dangerous situation." (Complaint at 13, ¶ 74.) This language plainly is intended to overcome the Supreme Court's decision in ***DeShaney v. Winnebago County Department of Social Services***, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), in which the Court held that the substantive protections of the Due Process Clause do not require the states to shield individuals from privately inflicted harms:

> [N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without "due process of law," but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means. Nor does history support such an expansive reading of the constitutional text. . . . Its purpose was to protect the people from the State, not to ensure that the State protected them from each other. . . .
>
> Consistent with these principles, our cases have recognized that the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual. . . . If the Due Process Clause does not require the State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them. As a general matter, then, we conclude that a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause.

*Id.*, 109 S.Ct. at 1003-04 (internal citations and footnote omitted).[2] An exception to this general principle, on which plaintiff seeks to rely, is the state-created or enhanced danger exception. ***Uhlrig v. Harder***, 64 F.3d 567, 572 (10th Cir. 1995), ***cert. denied***, 116 S.Ct. 924 (1996); ***Sanders v. Board of County Commissioners of County of Jefferson, Colorado***, 192 F.Supp.2d 1094, 1107-08 (D. Colo. 2001). The Tenth

---

[2] Nothing in the Complaint suggests, and plaintiff does not argue, that he intends to plead a procedural due process claim. *See **Town of Castle Rock, Colorado v. Gonzales***, – U.S. –, 125 S.Ct. 2796, 2803, 162 L.Ed.2d 658 (2005) (noting that ***DeShaney*** left open question of whether a plaintiff might be able to prove a procedural due process entitlement to protective services by virtue of state statutes).

4

Circuit has adopted a five-factor test for determining whether the state-created or enhanced danger exception applies:

> 1) whether plaintiff was a member of a limited and specifically definable group; 2) whether defendant's conduct put plaintiff at substantial risk of serious, immediate, and proximate harm; 3) whether the risk to plaintiff was obvious or known; 4) whether defendant acted recklessly in conscious disregard of that risk; and 5) if such conduct, when viewed in total, "shocks the conscience" of federal judges.

*Sanders*, 192 F.Supp.2d at 1109.

Plaintiff cannot satisfy the second element of this test, which requires him to prove "'that the charged state entity and the charged individual defendant actors created the danger or increased . . . the danger in some way.'" *Id*. (quoting *Armijo v. Wagon Mound Public Schools*, 159 F.3d 1253, 1263 (10th Cir. 1998)).  Stated differently, plaintiff must demonstrate that the Elbert County defendants

> "affirmatively plac[ed] [plaintiff and Brooke] in a position of danger, effectively stripping [them] of [their] ability to defend [themselves], or cutting off potential sources of private aid. Thus the environment created by the state actors must be dangerous; they must know it is dangerous; and to be liable, *they must have used their authority to create an opportunity that would not otherwise have existed for the third-party's [acts] to occur*."

*Armijo*, 159 F.3d at 1263 (emphasis added; final alteration in original).  The complaint does not allege this level of culpability on the part of the Elbert County defendants. They did not create the danger, and there is no allegation that fairly can be read to contend that they affirmatively placed plaintiff and Brooke in harm's way.  Although their alleged nonfeasance may not have prevented the dogs from attacking plaintiff and

5

Brooke, it did not create an opportunity for harm to them that would not have existed otherwise.  **Cf. Sanders**, 192 F.Supp.2d at 1112 (complaint met second prong of five-factor test by alleging that defendants actively prevented rescuers from reaching decedent, proximately causing his death).

Plaintiff also seeks to invoke a second exception to the **DeShaney** doctrine, the so-called "special relationship" exception.  (**See** Complaint at 12, ¶ 73.)  This exception, however, applies only when the state has imposed limitations on a person's freedom to act on his own behalf.  **DeShaney**, 109 S.Ct. at 1005-06.  As no such state-imposed involuntary restraint is alleged in the Complaint, the exception clearly is inapplicable.  **See Sanders**, 192 F.Supp.2d at 1108.

I therefore find that plaintiff has failed to allege a viable claim for violation of his and Brooke's due process rights.  The section 1983 claim is the only basis supporting original federal jurisdiction in this case.  When all federal claims have been dismissed prior to trial, the court generally should decline to exercise supplemental jurisdiction over pendant state claims.  **United States v. Botefuhr**, 309 F.3d 1263, 1273 (10th Cir. 2002).  I find it appropriate to do so here, and thus will dismiss plaintiff's remaining claims, all of which allege state law claims for relief for negligence, without prejudice.  This decision pretermits determination of the Elbert County defendants' arguments regarding the substantive merits of plaintiff's state-law claims.

### IV.  CONCLUSION

I find that plaintiff can prove no set of facts in support of his federal due process claim that would entitle him to relief, and therefore that dismissal is warranted pursuant

to Fed.R.Civ.P. 12(b)(6).  Moreover, I exercise my discretion to decline supplemental jurisdiction over his pendant state law claims for negligence and dismiss those claims without prejudice.  *See* 28 U.S.C. § 1367.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Elbert County Defendants' Motion to Dismiss and to Stay Discovery** [#27], filed June 13, 2005, is **GRANTED IN PART**;

2. That the motion is **GRANTED** with respect to plaintiffs' First Claim for Relief, and that claim is **DISMISSED WITH PREJUDICE**;

3.  That the order of reference referring the motion to stay, included within the motion to dismiss, is **WITHDRAWN**, and the motion to stay is **DENIED AS MOOT**;

4. That plaintiff's Second, Third, Fourth, Fifth, Sixth, and Seventh Claims For Relief are **DISMISSED WITHOUT PREJUDICE**; and

5.  That the Trial Preparation Conference set for January 12, 2007, and the jury trial set for January 29, 2007, are **VACATED**.

Dated January 17, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**